Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Bobbi Gasaway**, an Arizona resident; and **Dajah Andrews**, an Arizona resident; <br><br> Plaintiffs, <br><br> v. <br><br> **Solstice Management Group, LLC d/b/a Monarch Theatre**, an Arizona company; **Sean Badger,** an Arizona resident; and **Penelope Badger,** an Arizona resident; <br><br> Defendants. | Case No. <br><br><br> **VERIFIED COMPLAINT** <br><br><br><br> **(Jury Trial Requested)** |

Plaintiffs Bobbi Gasaway and Dajah Andrews ("**Plaintiffs**"), for their Verified Complaint against Defendants Solstice Management Group, LLC d/b/a Monarch Theatre ("**Monarch**"); Sean Badger; and Penelope Badger; (**"Defendants"**), hereby allege as follows:

## NATURE OF THE CASE

1.  Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); for their unlawful distribution of Plaintiffs' tips in violation of the

1. FLSA, specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip Violation**"); and failure to pay minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**").

2. This action is also brought to recover minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiffs' state law claim is sufficiently related to their federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1367.

7. Plaintiffs were employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Bobbi Gasaway resided in the District of Arizona.

9. At all relevant times to the matters alleged herein, Plaintiff Dajah Andrews

resided in the District of Arizona.

10. Plaintiff Bobbi Gasaway was a full-time employee of Defendants from in or around March 2016 until on or around September 1, 2022.

11. Plaintiff Dajah Andrews was a full-time employee of Defendants from in or around November 2015 until on or around May 1, 2022.

12. At all relevant times to the matters alleged herein, Plaintiff Bobbi Gasaway was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

13. At all relevant times to the matters alleged herein, Plaintiff Dajah Andrews was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

14. At all relevant times to the matters alleged herein, Plaintiff Bobbi Gasaway was an employee of Defendants as defined by A.R.S. § 23-362(A).

15. At all relevant times to the matters alleged herein, Plaintiff Dajah Andrews was an employee of Defendants as defined by A.R.S. § 23-362(A).

16. Defendant Monarch is a company authorized to do business in Arizona.

17. At all relevant times to the matters alleged herein, Defendant Monarch was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

18. At all relevant times to the matters alleged herein, Defendant Monarch was Plaintiffs' employer as defined by A.R.S. § 23-362(B).

19. Defendant Sean Badger is an Arizona resident.

20. Defendant Sean Badger directly caused events to take place giving rise to this action.

21. Defendant Sean Badger is a member of Monarch.

22. Defendant Sean Badger is an owner of Monarch.

23. Defendant Sean Badger is an employer of Monarch.

24. Defendant Sean Badger has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

25. Defendant Sean Badger has been at all relevant times Plaintiffs' employer as defined by A.R.S. § 23-362(B).

26. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Sean Badger is an employer.

27. Defendant Sean Badger supervised and controlled the conditions of Plaintiffs' employment.

28. Defendant Sean Badger would instruct Plaintiffs tasks to complete during their shifts.

29. Defendant Sean Badger determined the rate and method of Plaintiffs' payment of wages.

30. Defendant Sean Badger would pay out a portion of tip money at the end of Plaintiffs' shifts.

31. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Sean Badger is subject to individual and personal liability under the FLSA.

32. Defendant Penelope Badger is an Arizona resident.

33. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Penelope Badger and Defendant Sean Badger were legally married.

34. Defendant Penelope Badger and Defendant Sean Badger have caused events

to take place giving rise to this action as to which their marital community is fully liable.

35. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

36. Plaintiffs further informed, believe, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

37. Defendants, and each of them, are sued in both their individual and corporate capacities.

38. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

39. Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2015.

40. Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2016.

41. Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2017.

42. Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2018.

43. Plaintiffs have a good faith reasonable belief that in their work for

Defendants, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2019.

44.     Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2020.

45.     Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

46.     Plaintiffs have a good faith reasonable belief that in their work for Defendants, they were employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

47.     At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

48.     At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

49.     Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

50.     Plaintiffs would regularly communicate with Defendants via telephone and text messages.

51.     Under the FLSA, Plaintiffs are covered employees under individual coverage.

52.     Under the FLSA, Plaintiffs are covered employees under enterprise coverage.

**FACTUAL ALLEGATIONS**

53. The entity Defendant is a nightclub.

54. On or around March 2016, Plaintiff Bobbi Gasaway commenced employment with Defendants as a server/bartender.

55. On or around November 2015, Plaintiff Dajah Andrews commenced employment with Defendants as a bottle server/waitress.

56. Plaintiff's primary job duties included taking orders, serving drinks, customer service, and cleaning.

57. Plaintiffs did not receive an hourly wage.

58. Plaintiffs were only paid for the amount of tips they earned.

59. Plaintiffs were paid out their tips at the end of every shift.

60. Plaintiffs were not given paychecks or W2's.

61. Plaintiffs did not receive all of their earned tips.

62. For example, on or around February 6, 2022, Plaintiff Dajah Andrews was about 5-10 minutes late for her shift.

63. At the end of her shift, Plaintiff Dajah Andrews was told $50 would be deducted from her tips because she had been late.

64. It was common practice for Defendants to deduct money from earned tips when an employee was late.

65. On or around August 2022, Plaintiff Bobbi Gasaway noticed that her tip money was becoming less and less and confronted Defendant Sean Badger about this.

66. Defendant Sean Badger explained that managers Chelsea Chappel and Steven Dominic were receiving cuts of employees' tips.

67. Plaintiff Bobbi Gasaway was a non-exempt employee.

68. Plaintiff Dajah Andrews was a non-exempt employee.

69. Defendants failed to properly compensate Plaintiffs for all their regular hours and tips.

70. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due on their next paycheck.

71. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

72. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

73. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

74. Plaintiffs incorporates by reference all of the above allegations as though fully set forth herein.

75. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

76. Plaintiffs were employees entitled to the statutorily mandated minimum wage.

77. Defendant has intentionally failed and/or refused to pay Plaintiffs' minimum wage according to the provisions of the FLSA.

78. As a direct result of Defendant's violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

79. In addition to the amount of unpaid minimum wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

80. Defendant's actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful.

81. Defendant knew Plaintiffs were not not being compensated full minimum wages for time worked.

82. Defendant knew their failure to pay minimum wage was a violation of the FLSA.

83. Defendant has not made a good faith effort to comply with the FLSA.

84. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))**

85. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

86. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

87. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

88. At all relevant times, Plaintiffs were employed by Defendants within the

meaning of the FLSA.

89. Plaintiffs are employees entitled to all of their tips.

90. Defendants' managers, supervisors, and / or owners kept portions of Plaintiffs' tips.

91. In addition to the amount of unpaid tipped wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

92. Defendants' actions in failing to properly compensate Plaintiffs, in violation of the FLSA, were willful.

93. Defendants have not made a good faith effort to comply with the FLSA.

94. Plaintiffs are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b)

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

95. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

96. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

97. Defendants intentionally failed and/or refused to pay Plaintiffs' full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

98. In addition to the amount of unpaid minimum wage owed to Plaintiffs, they are entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

99. Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

**CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iii. violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

   iv. willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

   v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

   vi. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and

declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED September 9, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs

## **VERIFICATION**

Plaintiffs declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Bobbi Gasaway


_____
Dajah Andrews

## **VERIFICATION**

Plaintiffs declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Bobbi Gasaway

_____
Dajah Andrews